IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CESAR M., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, et al., <br><br> Respondents. | Case No. 26-cv-01209-SRB-DTS |

### ORDER

Before the Court is Petitioner Cesar M.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) Petitioner is a citizen of Ecuador and a resident of Baldwin, Wisconsin. Petitioner has lived in the United States for approximately five years. Petitioner entered the United States without inspection and has not had prior contact with immigration authorities until he was detained on February 7, 2026. Petitioner does not have a final removal order. Petitioner alleges he is currently detained in Minnesota.

In part, the Petition alleges that "Respondents wrongly assert 8 U.S.C. 1225(b)(2) as a basis for detaining [Petitioner] without a hearing, when instead any detention could only be pursuant to 8 U.S.C. 1226(a), which would also require a warrant and which here the Respondents are not purporting to invoke[.]" (Doc. #1, ¶ 29.) In an Order dated February 9, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner by no later than February 11, 2026[.]" (Doc. #3, p. 1.) Respondents timely filed their response to the Petition. Respondents "acknowledge that this petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided." (Doc. #4, p. 1.) Respondents also attached a copy of the warrant for Petitioner's arrest. Based on this arrest

warrant, Respondents argue that "if the Court determines Petitioner is detained under § 1226(a) and not under § 1225(b)(2), then the appropriate remedy is to order a custody redetermination hearing instead of immediate release." (Doc. #4, pp. 1-2.) Petitioner then filed a Reply, and Respondents filed a sur-reply as ordered by the Court.

I.     8 U.S.C. § 1225(b)

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g., Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

Although the Court has considered the arguments raised by Respondents, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Petitioner or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

II.    8 U.S.C. § 1226(a)

In their response and sur-reply brief, Respondents emphasize that Petitioner was detained pursuant to an arrest warrant and thus argue he is detained under § 1226(a), precluding his immediate release. Section 1226(a) states: "On a warrant issued by the Attorney General, an alien

may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

Upon review, the Court rejects Respondents' arguments. The Court agrees with Petitioner that:

> The bare I-200 [arrest warrant] submitted by Respondents does not establish that the arrest was carried out lawfully under section 1226(a). [T]here [is no] evidence in the record to establish that the warrant was properly served by an agent with the training and authority to do so under 8 C.F.R. § 287.5(e)(3) Absent compliance with these requirements, the I-200 carries no legal effect. . . . No information or record evidence is offered to assert the validity of this warrant–it is attached directly to a filing submitted by counsel for Respondents, with no affidavit, no factual support for any kind of explanation as to how or when or by whom this warrant was created, or presented to the Petitioner, or subsequently provided to AUSA.

(Doc. #5, pp. 2, 5.) For these reasons, and the additional reasons stated by Petitioner, Petitioner is entitled to habeas relief and immediate release.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Verified Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to detention under 8 U.S.C. § 1225 or § 1226 and enjoins Respondents from denying release or other relief on the basis that he is subject to such detention.

3. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: February 17, 2026         *s/Stephen R. Bough*
                                Stephen R. Bough
                                United States District Judge